RECEIVED
IN LAKE CHARLES, LA

DEC 22 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:16 CR 00183-04 |
| VERSUS | JUDGE MINALDI |
| BARRY DRUILHET, JR. | MAGISTRATE WHITEHURST |

MEMORANDUM RULING

Before the court is an Appeal of the Magistrate Judge's Decision (Rec. Docs. 67, 95) ordering pretrial detention. This appeal has been opposed by the government (Rec. Doc. 96). The court finds that the record is sufficient to determine this issue without a hearing and for the following reasons that appeal is denied.

Procedural History

The defendant Barry Druilhet, Jr. ("Druilhet") has been indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846 and one count of Unlawful Use of a Communication Facility in violation of 21 U.S.C. § 843.

Druilhet was arraigned on July 25, 2016, and ordered detained until a detention hearing could be held. That detention hearing was held on July 28, 2016, before Magistrate Judge Patrick Hanna. After that hearing, Druilhet was ordered detained pending trial.

Law

Pursuant to 18 U.S.C. §3145, a United States District Judge reviews a decision regarding pretrial detention made by a Magistrate Judge *de novo*. *United States v. Fortuna*, 769 F.2d 243, 249 (5th Cir. 1985).

The Bail Reform Act of 1984, 18 U.S.C. § 3142, *et seq.*, provides that upon the motion of a government attorney, a judicial officer must hold a hearing to determine whether any "condition

or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(e). Druilhet was indicted under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, which triggers a rebuttable presumption under 18 U.S.C. § 3142(e) that no condition or combination of conditions will assure his appearance at trial or the safety of the community if he released. *United States v. Rueben*, 974 F.2d 580, 581 (5th Cir. 1992).

Magistrate Judge Hanna conducted a detention hearing for Druilhet on July 28, 2016 (Rec. Doc. 56). The government sought pretrial detention of Druilhet as a danger to the community. The government first called Special Agent Douglas Herman of Federal Bureau of Investigation (FBI) as a witness.

Agent Herman testified that three Title III wire applications were obtained in this case. (Rec. Doc. 93, at 9). Two of the wire taps were of, cocaine trafficker, Artey Foulcard's, cell phones.(*Id.*) Agent Herman testIfIed that Foulcard was a cocaine trafficker in the St. Mary Parish area and that he often discussed cocaine transactions with Druilhet on his cellphones. (*Id* at 11). Agent Herman also testified that he interviewed Foulcard on two occasions and learned that Foulcard supplied Druilhet with nine (9) ounces of cocaine every other week during the life of the conspiracy. (*Id* at 13).

St. Mary Parish Narcotics Division Sheriff Deputy Chris Crappell also testified during the detention hearing. Deputy Crappell testified about Druihlet's significant criminal history that included narcotics trafficking in Baldwin, Louisiana since 1999. ( *Id.* at 26). Deputy Crappell testified that in April 2015, he participated in the execution of two search warrants for properties connected to Druilhet. The first search warrant was executed at Druilhet's residence at 505 Railroad Street In Franklin, LA. During the search, deputies located several firearms and illegal narcotics, including: marijuana, crack cocaine, and fentanyl patches. (*Id.* at 29). Deputies also located cash and banking

receipts indicating that Druilhet had $40,000.00 in a savings account. (*Id* at 30). Three juveniles were also present in the residence at the time the search warrant was executed. *(Id* at 39).

Deputy Crappell testified that the second search warrant was executed at 213 Orphan Home Road in Franklin, LA. *(Id.* at 27). Druilhet utilized this residence to house his drug trafficking enterprise; structures such as this are more commonly known as "stash houses." During the search of Druilhet's stash house agents locate powder cocaine, crack cocaine, multiple cell phones, and Ziploc baggies. *(Id* at 32). Deputies were able to establish Druilhet's dominion and control of the stash house due to the installation of a brand-new dead bolt lock, for which he had the key. (*Id* at 33).

After all of the evidence and testimony was presented, the Court engaged in analysis of 18 U.S.C. § 3142(g)(1-4), ultimately finding that these factors weighed in favor of detention and that Druilhet posed a danger to the community. *Id* at 90. In support of this finding, the Court specifically referenced Druilhet's criminal history which consists of drug convictions in 1999, 2000, and 2006 and pending state drug charges from 2015. *Id* at 90 and 91. Two additional problematic factors referenced by the Court were the fact that Druilhet was on probation at the time of the offenses alleged in the current indictment and Druilhet was dealing drugs from a residence where multIple juveniles were present. *Id* at 91. Based on the above-referenced testimony, the Court found that Druilhet should remain detained pending trial.

The defendant submits that one of the reasons that the Government did not contend that Druilhet was a risk of flight was the fact that he has been a lifelong resident of Baldwin, Louisiana, in St. Mary Parish. Druilhet played football and baseball at Franklin High School and later played college football at Arkansas-Monticello. (Testimony of Barry Druilhet, Sr., Rec. Doc. 93 p. 55, lines 8-23).

Druilhet states that much was made of the fact that he deposited cash into the business

account designated for his business. He ran his own asphalt paving business and did many smaller jobs for cash. Those sums were deposited into his business account. The name of that business is "Dru Construction," which his father testified is a legitimate business. ( *Id.* p. 62, lines 15-17).

Barry Druilhet, Sr. ("Druilhet, Sr.") was tendered by the defense as a potential third party custodian. ( *Id.* p. 53). Druilhet, Sr. served in the U. S. Air Force for four years. He worked in various capacities in the oil industry and retired from Shell Oil after twenty-two years of employment with that company. (*Id.* p. 54). His last position was supervisor in purchasing. He believes that his history has shown that he is a responsible person. He testified to his willingness to turn in his own son if his son did not comply with conditions set by the Court. (TR. 57, line 23). The defense submits that it is a reasonable conclusion that Druilhet, Sr. would make an excellent third party custodian.

Druilhet was arrested on July 25, 2016, and has been detained in prison since that time. The production of discovery material by the Government has not been completed. No trial date has been established. Any trial date established will certainly be in 2017, with the probability that any trial date would be after February of 2017.

The Fifth Circuit Court of Appeal, in an often cited case, accepted the claim of the defendant, William Bruce Hare, that his prolonged detention raised Due Process issues. *U. S. v. Hare,* 873 F. 2d 796, 5th Cir., 1989. In that case, Hare was arrested in Michigan and appeared before the court there for an initial appearance and detention hearing. He was ordered detained. He was transported to Lafayette, Louisiana for trial on a multi-defendant and multi-count indictment. Hare was indicted along with 169 other defendants in a large, drug conspiracy indictment.

Hare filed a motion seeking another detention hearing, asserting various facts, including the fact that he had already been detained for a period of ten months and his trial was set to begin five months later. Hare contended that the Due Process Clause of the U. S. Constitution required closer scrutiny of such an extended period of pre-trial detention.

The trial court refused to grant Hare another detention hearing. The Fifth Circuit accepted Hare's then-innovative argument and remanded the matter to the trial court for another detention hearing. The appellate court indicated that the Due Process limit on pre-trial detention required assessment on a "case-by-case" basis. Besides the factors listed in 18 U.S.C. 3142(g), the Fifth Circuit ordered the consideration of the following additional factors.

1. The length of detention that has in fact occurred or may occur in the future.
2. The non-speculative nature of future detention.
3. The complexity of the case.
4. Whether the strategy of one side or the other occasioned the delay.

Druihlet asserts that it is mandatory that this court review the order of detention in light of the above pronouncements set forth in *Hare*.

Druilhet is currently charged with violating the drug conspiracy statute, 21 U.S.C. § 846. This offense carries a statutory maximum penalty of at least 10 years imprisonment. Therefore, the § 3142(e) presumption applies. The §3142(e) presumption shifts the burden of production, not the burden of persuasion, from the Government to the defendant. *Reuben*, 974 F.2d at 586. Additionally, a defendant's mere production of evidence does not completely rebut the presumption. *Id.* (citing *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). The Court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *Id.* (citing *Hare*, 873 F.2d at 798).

The Court in *Hare* articulated that no specific time limit exists for pretrial confinement and that a Court should consider the factors considered in the initial detention evaluation along with the length of detention that has already occurred or may occur, the non- speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other may be to delay. *Id*

The government argues that, in evaluating these factors regarding length of detention, the first issue is the length of the detention that has already occurred. Unlike in *Hare* where the defendant was arrested in June of 1988 with an October 1989 trial date, this defendant was arrested in June of 2016 and has been incarcerated for approximately four months.

Secondly, in this case, all the defendants have had their initial arraignments a trial date of May 8, 2017 has been set.

The third issue is the complexity of the case. The government argues that this case does not share the same complexities as *Hare*, given that *Hare* consisted of 169 other defendants and 16 counts and this case only consists of six other defendants and 9 counts.

The final issue to consider is whether one side may intentionally delay. The government asserts that it is not the government's strategy or intention to delay this case and the government will attempt to make every effort to ensure that the trial date is maintained.

## Conclusion

The Fifth Circuit has often held that when the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted. *United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir.1988). The court has also held, however, that the risk of continued narcotics trafficking while on bail does constitute a risk to the community. *Hare,* 873 F.2d at 798 (citing *United States v. Hawkins,* 617 F.2d 59 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980)). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required. *Hare,* 873 F.2d at 799; *Fortna,* 769 F.2d at 249.

§ 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the

presumption. *Hare,* 873 F.2d at 798. In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *Id.* at 798–99.

§3142(g) lists factors the judicial officer considers in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These include the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *United States v. Rueben,* 974 F.2d 580, 586–87 (5th Cir. 1992).

After reviewing the evidence as a whole, this court concludes that the decision of the Magistrate Judge is supported by the proceedings below. Druilhet rebutted the presumption that he is a flight risk, but the presumption that he is a danger to the community remains.

Druilhet did not present any testimony to rebut the government's strong case against him. He introduced no evidence to support his position that his appearance at trial can be reasonably assured. The fact that his father is available to be a third party custodian is not sufficient when weighed against Druilhet's criminal history and the charges against him for drug trafficking. As noted by the government, Druihlet's father has been there all along and has apparently not been able to stop his son's criminal acts before. There is no reason to believe he has the power to do that now. Druilhet has presented absolutely no evidence whatsoever to indicate that he will not continue to engage in drug trafficking if released on bail pending trial. Druilhet has therefore not overcome the presumption that he constitutes a danger to the community and that no condition or combination of

conditions will reasonably assure his appearance at trial.

The Magistrate Judge's Decision (Rec. Docs. 67, 95) ordering pretrial detention will be affirmed.

Lake Charles, Louisiana, this __19__ day of December, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE