# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00183-04 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| BARRY DRUILHET, JR. | MAGISTRATE JUDGE WHITEHURST |

## ORDER

Now before the Court is Defendant's Motion requesting the return of property allegedly seized by the St. Mary Parish Sheriff's Office and the FBI. Record Document 373. Specifically, Defendant seeks the return of $5,000 cash, $50,000 seized from First National Bank, a 2006 Honda Accord, and a 2012 Dodge Durango. Id. at 1. Defendant requests the return of his property pursuant to Federal Rule of Criminal Procedure 41(e), but it appears his Motion is more properly asserted under Rule 41(g), which provides for a Motion to Return Property.

After reviewing Defendant's Motion, this Court ordered the Government to respond and provide information regarding the status of the property and any forfeiture proceedings. Record Document 374. The Government represents that the St. Mary Parish Sheriff's Office seized $41,916.46, a 2012 Dodge Durango, and a 2006 Honda Accord from the Defendant. It claims the Federal Government is not in possession of these items, and provides documentation indicating the items are in the possession of the St. Mary Parish Sheriff's Office. Record Document 376, p. 2; 376-1, pp. 4-7. The Government further represents, and provides state-court filings in support, that the items sought by Defendant are the subject of ongoing forfeiture proceedings in the 16th Judicial District Court in St.

Mary Parish, Louisiana. In fact, it appears that Defendant has filed a claim to the property in the state forfeiture proceedings. Record Document 376-1, pp. 9-10.

"A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion." United States v. Oduu, 564 F. App'x 127, 130 (5th Cir. 2014). Here, Defendant has not shown that the Federal Government is in possession of his property.[1] Additionally, to the extent Defendant seeks to use his motion as a mechanism for return of property held by state authorities, he has not shown that he lacks an adequate remedy at state law. See United States v. Mason, 207 F. App'x 477 (5th Cir. 2006); Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999). To the contrary, Defendant appears to be litigating his rights to the property in the state forfeiture proceedings. See Record Document 376-1, pp. 9-10. Accordingly, Defendant's Motion [Record Document 373] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this _____ day of July, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1]Once criminal proceedings have ended, the burden under a Rule 41(g) motion shifts to the Government. Oduu, 564 F. App'x at 130. Because Defendant filed this motion while his direct criminal appeal is pending, he bears the burden. Id.